IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

----------------------------------------------------------x
                                                          :
VERITAS-SCALABLE INVESTMENT                               :    3:04 CV 1199 (JBA)
PRODUCTS FUND, LLC                                        :
                                                          :
v.                                                        :
                                                          :
                                                          :
FB FOODS, INC., f/k/a FUNNY BAGEL                         :
FOOD COMPANY, INC.                                        :    DATE: APRIL 25, 2006
                                                          :
----------------------------------------------------------x

<u>RULING ON DEFENDANT'S MOTION TO COMPEL AND MOTION FOR SANCTIONS</u>

On July 19, 2004, plaintiff Veritas-Scalable Investment Products Fund, LLC initiated this action pursuant to CONN. GEN. STAT. § 33-929(f) to recover on two unpaid promissory notes, each in the amount of $500,000, which Complaint (Dkt.#1) was superseded by an Amended Complaint filed on November 12, 2004. (Dkt. #33). On September 7, 2005, defendant FB Foods, Inc. filed its Answer and Counterclaim to plaintiff's Amended Complaint (Dkt. #76), and five months later, on February 6, 2006, defendant filed its Amended Answer and three count Amended Counterclaim. (Dkt. #94).[1]

On December 22, 2004, United States District Judge Janet Bond Arterton referred this case to this Magistrate Judge for purposes of supervising discovery. (Dkt. #42). On February 6, 2006, defendant filed the pending Motion to Compel Answers to Deposition Questions and Motion for Sanctions (Dkts. ##95 & 102).[2] Plaintiff filed its brief in opposition

---

[1] The three counts are as follows: violation of Florida Unfair Trade Practices (First Count); fraudulent misrepresentation (Second Count); and fraud in the inducement (Third Count). (Dkt. #94).

[2] Attached to defendant's Motions (Dkts. ##95 & 102) are the following three exhibits: copy of Notice of Taking Videotaped Deposition of D. Bruce McMahan (Exh. A); copy of fax cover sheet and correspondence, dated November 30, 2005 (Exh. B); and copy of transcript of videotaped deposition of D. Bruce McMahan, taken December 16, 2005 ["McMahan Depo."](Exh.

on March 31, 2006.  (Dkt. #111.  See also Dkts. ##106-07).[3]

For the reasons stated below, defendant's Motion to Compel (Dkt. #95) is <u>granted in part and denied in part</u> and defendant's Motion for Sanctions (Dkt. #102) is <u>denied</u>.

## I. DISCUSSION

Defendant noticed the videotaped deposition of D. Bruce McMahan for December 16, 2005 at a law office in Miami, Florida, where McMahan was "spend[ing] the holidays with his family."  (Dkt. #95, Exhs. A-B).  The notice provided that McMahan would be deposed in his "individual capacity as well as in his capacity as [plaintiff's] Member, Manager and President with respect to the factual circumstances leading up to the two Promissory Notes that were entered into between [defendant] and [plaintiff] and serve as the basis for [plaintiff's] claims in the instant action."  (Dkt. #95, Exh. A, at 2).

In its Motions, defendant seeks an order permitting defendant to re-depose D. Bruce McMahan and directing McMahan to answer the questions posed to him at his deposition (Dkt. #95, at 5-8), including any question plaintiff's counsel, Leigh R. Isaacs, Esq., instructed him not to answer based on an erroneous claim of attorney-client privilege (id. at 8-10).  Additionally, defendant seeks the imposition of sanctions against Attorney Isaacs and Christopher Rooney, Esq. for their conduct during the deposition of McMahan, including the

---

C).

Because Dkts. ##95 & 102 are identical, in quoting or summarizing the motions, reference will be made solely to Dkt. #95.

[3]Attached to defendant's brief (Dkt. #111) are the following three exhibits: copy of affidavit of Joseph C. Dwyer, submitted in support of plaintiff's Motion for Summary Judgment, sworn to February 7, 2006 ["Dwyer Aff't"](Exh. 1); copy of Notice of Taking Deposition of [Plaintiff's] Fed. R. Civ. P. 30(b)(6) Witness, dated December 7, 2005 (Exh. 2); and copy of excerpts of deposition transcript of Joseph Dwyer, taken December 12, 2005 ["Dwyer Depo."](Exh. 3).

costs and attorneys' fees associated with re-deposing McMahan.  (Id. at 10-14).

In response, plaintiff asserts that: McMahan's deposition was limited by defendant's notice of the deposition, by Rule 30(b)(6) and by the protection usually afforded by courts to the attorney-client privilege and confidential information (Dkt. #111, at 1-7); the Federal Rules of Civil Procedure permit counsel to instruct a witness during deposition not to answer a question in order to protect the attorney-client privilege (id. at 7-11); and the questions about McMahan's compensation invaded a privacy interest and those questions along with the questions about how investments are identified are irrelevant (id. at 11-17).  Moreover, plaintiff asserts that sanctions are unwarranted and defense counsel does not identify any statements by plaintiff's counsel that warrant sanctions.  (Id. at 18-26).

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . ."  FED. R. CIV. P. 26(b)(1).  All objections made during the course of a deposition shall be noted upon the record of the deposition, but the examination shall proceed, with the testimony being taken subject to the objections.  FED. R. CIV. P. 30(c).  Such objections shall be "stated concisely and in a non-argumentative and non-suggestive manner."  FED. R. CIV. P. 30(d)(1).  However, because "[d]irections to a deponent not to answer a question can be even more disruptive than [voicing an] objection[]," Rule 30(d) provides that counsel "may instruct a deponent not to answer only[, inter alia,] when necessary to preserve a [valid claim of] privilege".  FED. R. CIV. P. 30(d)(1) & 1993 Amendments.

### A. RELEVANCE OBJECTION

During the course of his nearly two-hour deposition, McMahan refused to respond to two series of questions inquiring whether McMahan is "employed by any . . . entity" other

3

than McMahan Securities Co. LP ["MSC"] and inquiring how plaintiff seeks out or obtains entities to provide "facilitation loan[s] or investments". (Dkt. #95, at 5-8; McMahan Depo. at 1, 3, 5-7, 20-22, 45). Defendant argues that the first line of inquiry was relevant to its claim that an "alter ego" relationship exists between plaintiff, MSC, and/or McMahan. (Dkt. #95, at 5-6). Despite the objection, however, McMahan did testify as to his relationship with plaintiff, namely that he is a member of its Board, that he is not paid a salary, that the only compensation he receives is with respect to being an investor thereof, and that he "believe[s he is] classified as president" which imposes upon him "a responsibility for [plaintiff's] overall financial well being." (McMahan Depo. at 7-9, 11-12, 13-14, 16-18).

In addition, plaintiff objects to defendant's inquiries into how investments are identified by plaintiff. (See Dkt. #111, at 13-17; see McMahan Depo. at 20-21, 22). According to plaintiff, McMahan responded to all questions regarding how plaintiff invested in defendant (Dkt. #111, at 13-16; see McMahan Depo. at 24-36; see also McMahan Depo. at 41-44), and defendant received information about the other entities from the deposition of Joseph Dwyer, plaintiff's Rule 30(b)(6) witness. (Dkt. #111, at 16-17; see Dwyer Depo. at 33-55).

Plaintiff properly responded to all questions posed, particularly given the narrowly drafted notice of deposition, and the further information sought has already been provided in the lengthy deposition testimony of plaintiff's 30(b)(6) witness. (See Dkt. #95, Exh. A, at 2; see Dwyer Depo. at 33-55; see also Dwyer Aff't ¶¶ 4-9). Accordingly, no further deposition on these two issues is necessary.

### B. ASSERTION OF THE ATTORNEY-CLIENT PRIVILEGE

Defendant contends that during McMahan's deposition, Attorney Issacs wrongfully

4

asserted the attorney-client privilege and instructed McMahan not to respond to defendant's inquiry into whether McMahan "authorize[d Dwyer] to appear as the representative of the [p]laintiff for [a] deposition in this action." (McMahan Depo. at 39).  In response, plaintiff asserts that "the decision of who would appear as the Rule 30(b)(6) witness was one that was almost entirely arrived at by the attorneys in this case, in consultation with the client," and thus, "[c]ompelling the client to reveal what was said and who authorized Mr. Dwyer to act would reveal these mental impressions," violating the attorney-client privilege.  (Dkt. #111, at 7-11).  Plaintiff further argues that despite defendant's protestations, this question is incapable of a simple "yes" or "no" answer, in that a negative response would give the impression that Dwyer's appearance was unauthorized, whereas an affirmative response would imply that McMahan was the sole participant in the decision. (Id. at 8–9).

To invoke the attorney-client privilege, a party must demonstrate that there was (1) a communication between client and counsel, which (2) was intended to be and was in fact kept confidential, and (3) was made for the purpose of obtaining legal advice. United States v. Construction Prods. Research, Inc., 73 F.3d 464, 473 (2d Cir.), cert. denied, 519 U.S. 927 (1996).  The burden of establishing the "existence of an attorney-client privilege, in all its elements, rests with the party asserting it."  In re Grand Jury Proceedings v. Doe, 219 F.3d 175, 182 (2d Cir. 2000)(citations & internal quotations omitted), on remand, 2001 WL 237377 (S.D.N.Y. March 2, 2001).

The 1970 Amendments to Rule 30(b)(6) explain that the procedure of designating a person to "testify as to matters known or reasonably available to the organization" is one which "may be advantageous to both sides as well as an improvement in the deposition process" as it will force the organization to consider who is the most appropriate witness,

5

bearing the requisite knowledge so as to allow for a productive and informative deposition. According to plaintiff, counsel in this case followed this Rule and, in doing so, "consulted with various persons representing the client to determine who would meet the requirements set forth in the role." (Dkt. #111, at 8). Rule 30(b)(6), however, is directed at the deponent corporation, association, or governmental agency, not its counsel, and requires such deponent to "make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought . . . and to prepare those persons . . . so that they can answer fully, completely, [and] unevasively. . . [to] the questions posed." SEC v. Morelli, 143 F.R.D. 42, 45 (S.D.N.Y. 1992)(multiple citations & internal quotations omitted). Although plaintiff contends that "the decision as to who will be the Rule 30(b)(6) designee is, of necessity, a legal decision made with the advice of counsel[]"(Dkt. #111, at 8), the communication is not intended to be, and is not in fact, kept confidential as the identified individual becomes the Rule 30(b)(6) designee. The identification of the individual who authorized the designation of the Rule 30(b)(6) witness, likewise, would not be subject to the attorney-client privilege as a response to that limited inquiry would not reveal the substance of confidential communications. Any further inquiry into such decision-making process, however, is privileged, and Rule 30(d)(1) provides plaintiff's counsel with an appropriate objection to a question that would "[compel] the client to reveal what was said." (See Dkt. #111, at 9-11).

A redeposition on this single issue, however, would constitute an inordinate waste of the parties' time and resources. Accordingly, plaintiff shall submit an affidavit signed by McMahan in which he provides his response, in the affirmative or the negative, to the sole question of whether he participated in the decision to "authorize [Dwyer] to appear as the

representative" of plaintiff for the Rule 30(b)(6) deposition.

### C. MOTION FOR SANCTIONS

Defendant seeks sanctions pursuant to 28 U.S.C. § 1927 and FED. R. CIV. P. 30. (Dkt. #102). An attorney who "so multiples the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Moreover, the Federal Rules permit this Court to impose appropriate sanctions, including the costs and attorney's fees incurred by the parties, if a finding is made "that any impediment, delay or other conduct has frustrated the fair examination of the deponent." FED. R. CIV. P. 30(d)(3).

The transcript of the McMahan deposition is hardly a paradigm for professional conduct and courtesy on the part of counsel for both sides in this case. Accordingly, and in light of the conclusions reached in Sections I.A & B. supra, defendant's Motion for Sanctions (Dkt. #102) is denied.

### II. CONCLUSION

For the reasons stated above, defendant's Motion to Compel (Dkt. #95) is granted in part and denied in part and defendant's Motion for Sanctions (Dkt. #102) is denied.

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within ten days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules

for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

Dated this 25th day of April, 2006, at New Haven, Connecticut.

_____/s/_____
Joan Glazer Margolis
United States Magistrate Judge